**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-50093
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAIME ESTRADA-FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:97-CR-4-1-C)
_____

December 14, 1999

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jaime Estrada-Fernandez of assault with a dangerous weapon with intent to cause bodily harm, 18 U.S.C. § 113(a)(3), and aiding and abetting, 18 U.S.C. § 2. The district court sentenced Estrada-Fernandez to 120 months incarceration, three years supervised release, and a $100 fine. He now appeals both his conviction and sentence. For the reasons that follow, we affirm.

I.A.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Estrada-Fernandez first argues that the district court committed reversible error when it permitted the prosecutor to improperly vouch for and bolster the testimony of the Government's key witness, Lieutenant Travis Gilbreath. Estrada-Fernandez avers that during the Government's rebuttal, the prosecutor not only personally vouched for the credibility of the witnesses but also made comments that were beyond the scope of the evidence presented at trial and that were designed to cloak the witness with the mantle of governmental authority. Specifically, Estrada-Fernandez challenges the following statement:

> It all boils down basically whether you believe Lieutenant Gilbreath. . . I will take a 12-year veteran of the Bureau of Prisons, somebody with twelve years, evidently has dedicated his life to public service doing a job that I don't know that many people would want to do, and that is all we have is him. That is all we can bring you is a 12-year veteran. He has absolutely no reason to lie about whether this man had a weapon or not. It makes no sense. No reason to lie. No reason to put a 12-year career on the line. Think about it and use your common sense. No reason to put his reputation, his Bureau of Prisons service on the line. Why would he do that? It makes absolutely no sense; none at all.

Estrada-Fernandez also challenges the prosecutor's later statement: "how much sense does it make that he is going to put his 12-year career on the line just so you will find that this dangerous weapon was used? It makes no sense."

Assuming arguendo that these remarks referred to facts not in evidence and "improperly invoked the aegis of a governmental imprimatur," we must nevertheless consider whether the remarks affected the substantial rights of the defendant. United States v. Gallardo-Trapero, 185 F.3d 307,320 (5th Cir. 1999). In determining whether the prosecutor's comments prejudiced Estrada-Fernandez's

substantial rights, we must consider "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of defendant's guilt." United States v. Hernandez-Guevara, 162 F.3d 863, 874 (5th Cir. 1998). As we explained in United States v. Wallace, 32 F.3d 921 (5th Cir. 1990), "[f]or prosecutorial misconduct to warrant a new trial, it must be so pronounced and persistent that it permeates the entire atmosphere of the trial ... and casts serious doubt upon the correctness of the jury's verdict." Id. at 926.

We conclude that the prosecutor's remarks did not prejudice Estrada-Fernandez's substantial rights. Given the photographic evidence and corroborating testimony, as well as the prosecutor's repeated remarks that the jury had to determine on its own whether to believe the testimony of the witnesses, we cannot say that the prosecutor's statements regarding the credibility of Lieutenant Gilbreath "overshadowed what had come before and unduly influenced" the jury's decision. Id. at 320-321.

The district court further mitigated any prejudicial effect by instructing the jury to base their decision solely upon the evidence presented, rather than upon the arguments made by lawyers. The court explained:

> You must consider only the evidence presented during the trial, including the sworn testimony of witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. . . . In the final, analysis, . . . it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Similarly, the court instructed the jury that they had the

sole responsibility for determining the credibility of all witnesses:

> You are the sole judges of the credibility or believability of each witness and the weight to be given to each witnesses. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe any part or all of what each person had to say, and how important that testimony was.

"We presume that the jury follows the instructions of a trial court unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect [of the prosecutorial misconduct] is devastating." United States v. Tomblin, 1369, 1390 (5th Cir. 1995). In this case, the district court issued these instructions twice: orally, prior to closing arguments, and in writing, after the arguments. Estrada-Fernandez presents no convincing argument that the jury did not follow these instructions. Furthermore, we have previously held such instructions to be sufficient to remedy similar allegations of prosecutorial misconduct. See United States v. Wyly, __ F.3d ___, 1999 WL 816508, *8 (5th Cir. 1999); Gallardo-Trapero, 185 F.3d at 321; Tomblin, 46 F.3d at 1390; United States v. Andrews, 22 F.3d 1328, 1343 & n.16 (5th Cir. 1994). Viewing the prosecutor's statements in the context of the entire case, we conclude that the prosecutor's rebuttal argument did not prejudice Estrada-Fernandez's substantial rights.

B.

Estrada-Fernandez next argues that the district court erred in permitting Gilbreath to testify as to whether a broken mop or broom handle constituted a "dangerous weapon" for the purposes of 18

U.S.C. § 113(a)(3).  He contends that whether a given instrument is a "dangerous weapon" within the meaning of section 113(a)(3) is a legal conclusion that must be left to the jury.

Because Estrada-Fernandez did not object to this testimony at trial, we review for plain error.  See United States v. Olano, 507 U.S. 725, 734 (1993); 113 S.Ct. 1770, 1777 (1993).  The defendant therefore bears the burden of demonstrating that the district court committed an error that was "clear" or "obvious" and that such an error affected his substantial rights.  Id.

Estrada-Fernandez has failed to demonstrate that the district court committed such an error.  Gilbreath testified as an expert witness regarding the dangerousness of instruments and Estrad-Fernandez does not challenge his qualifications.  The Federal Rules of Evidence explain that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Ev. 704(a).  Estrada-Fernandez points to no authority that would direct a contrary result.  Thus, we cannot conclude that the district court committed plain error.

## C.

Finally, Estrada-Fernandez argues that the district court erred in enhancing Estradada-Fernandez's sentence for causing "bodily injury" pursuant to U.S.S.G. § 2A2.2(b)(3)(A).  Estrada-Fernandez contends that he caused Lieutenant Gilbreath only minor injuries, not rising to the level of bodily injury for the purposes of the enhancement.  Because Estrada-Fernandez failed to raise this argument prior to this appeal, we review for plain error. United

States v. Olano, 507 U.S. at 734; 113 S.Ct. at 1777.

The Guidelines provides a two-level enhancement if the victim sustained bodily injury, a four level enhancement if the victim sustained a serious bodily injury, and a six level enhancement if the victim sustained permanent or life-threatening injury. U.S.S.G. § 2A2(b)(b)(A)-(C). The commentary explains that "'[b]odily injury' means any significant injury, e.g., an injury that is painful and obvious, or is the type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 commentary at n.1(a).

The evidence at trial showed that as a result of the assault, Lieutenant Gilbreath suffered red streaks and "tiny" abrasions to his left arm as well as redness, tenderness, and swelling in his upper and lower back. The evidence also demonstrates that Lieutenant Gilbreath sought immediate medical attention for these wounds. And although Estrada-Fernandez contends that he personally inflicted only the arm wounds, the district court properly held him accountable for all the wounds inflicted on Lieutenant Gilbreath, which he aided and abetted or that were reasonably foreseeable and jointly undertaken in furtherance of their criminal activity. See U.S.S.G. § 1B1.3(a)(1)(A).

Courts have found similar injuries to constitute bodily injury. See United States v. Green, 964 F.2d 911, 911-12 (9th Cir. 1992)(finding bodily injury where a slap in the face caused swelling and pain); United States v.Perkins, 132 F.3d 1324, 1325 (10th Cir. 1997)(finding bodily injury where defendant caused small laceration and bruising). Cf. United States v. Guerrero, 169 F.3d

933, 947 (5th Cir. 1999)(refusing to find bodily injury where defendant struck victim but did not cause "any bruising, swelling, or other type of injury").  The district court did not commit error, plain or otherwise, in enhancing Appellant's sentence.

## II.

For the reasons stated above, we affirm the judgment of the district court.