F I L E D

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

**AUG 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TEMMELL KING,

    Defendant-Appellant.

No. 99-1544
(D. Colo.)
(D.Ct. No. 99-CR-223-M)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Temmell King appeals his sentence after pleading guilty to

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

armed bank robbery and brandishing a firearm during and in relation to a crime of violence. On appeal, Mr. King argues the district court improperly enhanced his sentence, under the United States Sentencing Guidelines (U.S.S.G.) § 2B3.1(b)(3), for causing bodily injury to victims of his crime. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. King received his convictions following his involvement with another defendant, Deshawn Becerril, in an armed bank robbery. Specifically, Mr. King and Mr. Becerril entered a bank armed with revolvers, where Mr. King sprayed pepper mace directly into the face of security guard Sorlen Lawes, causing temporary blindness. Mr. King then kicked Mr. Laws until he fell to the floor and crawled under a table. Mr. King also sprayed pepper mace directly into the eyes of bank teller Krista Topolski. Mr. King's spraying of pepper mace also caused others in the bank to have difficulty breathing. After Mr. Becerril obtained money from another teller at gun point, they fled the bank.

Following the robbery, bank manager Cynthia Lamb called an ambulance for Mr. Lawes, Ms. Topolski, herself and others who continued to experience difficulty breathing. However, when the paramedics arrived, they could not provide treatment to ease or alleviate the effects of the pepper mace, and merely

suggested flushing the victims' faces with cold water. Nevertheless, Ms. Topolski continued to suffer pain lasting at least "several hours" after the attack. After the robbery, Mr. Lawes never returned to his job as a security guard at the bank.

Prior to sentencing, a probation officer submitted a presentence report recommending a two-level enhancement of Mr. King's sentence under U.S.S.G. § 2B3.1(b)(3) for causing "bodily injury" to the victims of the bank robbery. The presentence report was later amended to add the text of Ms. Lamb's and Ms. Topolski's victim impact statements, in which Ms. Topolski described her injury as lasting "several hours."[1] Mr. King objected to the "bodily injury" enhancement and entered into the record two pieces of general promotional literature from two manufacturers of pepper mace extolling the virtues of their product.[2] At the sentencing hearing, the government submitted testimony of Ms. Lamb concerning

---

[1] Although the record on appeal does not contain a copy of the victim impact statements filed by the victims, we find the text of those statements contained in the presentence report reliable hearsay and sufficient to assess the injuries described therein. *See United States v. Hershberger*, 962 F.2d 1548, 1555 (10th Cir. 1992).

[2] The literature claims the pepper mace spray is non-lethal and non-toxic, causing temporary effects lasting a few minutes with no "substantiated case of lasting health damage." One piece of literature also refers to the pepper mace as a weapon that may cause eye closure, tearing, skin irritation,and shortness of breath.

the use of the pepper mace and difficulty she and others experienced breathing. Following the hearing, the district court concluded Mr. King caused injury "sufficient to be painful and obvious" for the purpose of applying the two-level sentence enhancement. Despite the fact no need for hospitalization resulted, the district court also found medical attention was sought, as evidenced by Ms. Lamb's "call to the emergency medical people." The district court further found the repeated spraying into the faces of the victims, as well as the "generalized spraying of the area ... [as] testified to by Ms. Lamb," supported application of the enhancement. In addition, the district court found the spraying of the pepper mace "gratuitous" rather than for purposes of self-defense.

On appeal, Mr. King argues the district court erred in applying U.S.S.G. § 2B3.1(b)(3) "because the government presented insufficient evidence that any alleged injuries were either 'painful and obvious' or were of the type for which medical attention would ordinarily be sought." In support of this argument, Mr. King first suggests the district court improperly relied on irrelevant factors, based solely on Mr. King's conduct, when it concluded his pepper mace use was "gratuitous" and repetitious. Mr. King also suggests the fact Mr. King sprayed Mr. Lawes and Ms. Topolski, and kicked Mr. Lawes, only reflects Mr. King's acts and not whether bodily injury occurred. He claims that while Ms. Lamb's

testimony concerning her and others difficulty in breathing may establish "brief discomfort," it does not show "painful and obvious" injury or that which "would normally cause a person to seek medical attention," especially in light of the advertising literature which states difficulty breathing lasts for a "limited period of time." Finally, Mr. King submits the fact Ms. Lamb called paramedics and they recommended no treatment other than splashing cold water on their faces shows "the injuries suffered by the victims were not 'significant' within the meaning of § 1B1.1" In support of his many assertions, Mr. King relies on a several other circuit court cases concerning the same or similar issue of whether bodily injury results from the use of pepper or other mace, and in so doing, attempts to distinguish the cases upholding decisions that mace causes "bodily injury" by contending the government in those cases, unlike here, produced evidence of significant injury.

We review the district court's factual finding of "bodily injury" for clear error, *United States v. Perkins*, 132 F.3d 1324, 1326 (10th Cir. 1997), and will not reverse "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Underwood*, 982 F.2d 426, 428 (10th Cir. 1992) (quotation marks and citations omitted), *cert. denied*,

509 U.S. 925 (1993). "While we give due deference to the district court's application of the guidelines to the facts, 18 U.S.C. § 3742(e), we review legal questions *de novo*." *Id.* In determining if Mr. King caused "bodily injury," we review the evidence underlying the district court's sentence, and inferences drawn therefrom, in the light most favorable to the district court's determination. *United States v. Conley*, 131 F.3d 1387, 1389 (10th Cir. 1997), *cert. denied*, 523 U.S. 1087 (1998). In determining whether an injury constitutes a "bodily injury" for the purposes of a § 2B3.1(b) enhancement, we have held:

> The sentencing guidelines define "bodily injury" as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n. 1)(b)). "[T]o be 'significant' an injury need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *United States v. Lancaster*, 6 F.3d 208, 209 (4th Cir. 1993) (per curiam). Injuries that are "painful and obvious" but that do not require medical attention may nevertheless constitute "bodily injuries" justifying application of a sentence enhancement. *See United States v. Hamm*, 13 F.3d 1126, 1128 (7th Cir. 1994). Courts have held visible injuries such as bumps, bruises, and redness or swelling to constitute "bodily injury." *See id; United States v. Greene*, 964 F.2d 911, 912 (9th Cir. 1992) (per curiam).

*Perkins*, 132 F.3d at 1326.

With this criteria in mind and after reviewing the record and evidence therein, we conclude the district court did not err in determining the victims in this case suffered "bodily injury" for the purpose of enhancing Mr. King's

sentence under § 2B3.1(b)(3). The evidence clearly shows Ms. Topolski continued to suffer pain lasting at least "several hours" after the mace attack. This alone is sufficient to constitute the significant or "painful and obvious" injury required for an enhancement under § 2B3.1(b)(2). Moreover, the evidence establishes the pepper mace caused several individuals to have difficulty breathing, to the degree Ms. Lamb felt compelled to call for an emergency ambulance. Under the circumstances presented, and reviewing the evidence in the light most favorable to the district court's determination, it was not unreasonable for the district court to determine Mr. King's spraying of pepper mace caused painful and obvious injury, especially in light of the fact paramedics could provide no treatment to ease or alleviate the victims' pain. Similarly, it was also not erroneous for the district court to determine that "medical attention" was "sought," as required under § 1B1.1, comment. (n.1)(b) because an ambulance was called to treat those obviously suffering from the painful effects of the mace.[3] We find Mr. King's introduction of promotional materials extolling the temporary and nontoxic effects of mace insufficient to leave us with the definite and firm conviction a mistake has been made, especially when such literature

---

[3] Based on these findings, it is not necessary for us to determine whether any inference of injury also arose from the fact Mr. Lawes never returned to his job as a security guard after Mr. King kicked and sprayed him with pepper mace.

boasts that pepper mace is considered a "weapon" and may cause eye closure, tearing, skin irritation and shortness of breath.

As Mr. King points out, several circuit courts have addressed the issue of whether mace causes bodily injury for the purpose of enhancing a sentence under § 2B3.1(b). *See, e.g.*, *United States v. Taylor*, 135 F.3d 478, 482 (7th Cir. 1998) (concluding district court did not err in relying on bank supervisor's first-hand observation of the effects of pepper spray on her employees to determine they suffered "bodily injury"); *United States v. Harris*, 44 F.3d 1206, 1217 (3d Cir.) (rejecting the district court's conclusion that use of mace per se constitutes bodily injury and remanding because the degree of injury from mace depends on district court's review of the facts of each case), *cert. denied*, 514 U.S. 1088 (1995); *United States v. Robinson*, 20 F.3d 270, 278-79 (7th Cir. 1994) (holding district court did not err in finding injury from pepper mace spray was "painful and obvious," given bank tellers experienced pain lasting for hours with some residual effect for days); *United States v. Lancaster*, 6 F.3d 208, 209-10 (4th Cir. 1993) (recognizing district court, which determined momentary burning in eyes and cheeks from mace did not constitute significant injury, was in best position to

assess myriad of factors, and did not clearly err in its determination).[4]

Like here, the circuit courts in those cases applied the clearly erroneous standard to determine whether the district court erred in finding mace causes "bodily injury" under the circumstances presented.[5] While Mr. King relies on *Lancaster* for the proposition that pain resulting from mace is only momentary and does not constitute "bodily injury," the facts in that case are clearly different than those presented here. In *Lancaster*, unlike here, the victim experienced burning in his eyes and cheeks which the district court found insignificant and the Fourth Circuit described as "momentary." 6 F.3d at 209-110. In upholding the district court's determination, the Fourth Circuit in *Lancaster* pointed out, "[w]hether an injury is 'significant'" under § 2B3.1(b) depends on "a very factually[] specific inquiry which takes into account a multitude of factors" that

---

[4] *See also United States v. Neill*, 166 F.3d 943, 949 (9th Cir.) (concluding the district court did not clearly err in determining mace constituted a "dangerous weapon" because the victim suffered serious bodily injury when evidence proved pepper spray is capable of causing "extreme pain" and victim testified she felt like she was on "fire"), *cert. denied*, 526 U.S. 1153 (1999); *United States v. Bartolotta*, 153 F.3d 875, 879 (8th Cir. 1998) (upholding district court's conclusion mace is a "dangerous weapon" because it resulted in serious bodily injury when employee developed chemical pneumonia, missed two weeks of work, and took daily steroid shots for four month and steroid pills for at least one year), *cert. denied*, 525 U.S. 1093 (1999).

[5] The one exception is *Robinson* where the Seventh Circuit reviewed the district court's decision for "plain error" because the defendant did not raise the "bodily injury" issue at sentencing, and therefore, waived it. 20 F.3d at 278.

the district court "is by far best-situated to assess." *Id.* at 210. In this case, the district court similarly performed a fact-specific inquiry in assessing the evidence before it and did not err in determining significant, bodily injury resulted from Mr. King's use of the pepper mace.

As to the district court's findings or remarks concerning Mr. King's gratuitous and repetitious use of the pepper mace, we acknowledge, as does the government, that a defendant's conduct is not a factor considered in making a § 2B3.1(b)(3) determination. *See Perkins*, 132 F.3d at 1326. However, we hold the district court's comments on Mr. King's conduct were merely superfluous and harmless error given the district court's other findings Mr. King's victims suffered "bodily injury." *Cf. United States v. Eads*, 191 F.3d 1206, 1214 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 2663 (2000).

Finally, despite Mr. King's contentions, the record clearly contains evidence sufficient to support the district court's determination the victims suffered "bodily injury." Ms. Lamb's testimony, together with her and Ms. Topolski victim impact statements and the presentencing report, describe the injuries suffered as a result of Mr. King's spraying of pepper mace. As the government points out, the district court may use reliable hearsay information

contained in the presentencing report, *see Hershberger*, 962 F.2d at 1555, and, if not unduly prejudicial, may rely on victim impact statements in making sentencing decisions.  *See Payne v. Tennessee,* 501 U.S. 808, 824-827 (1991).  As a result, we hold the government provided sufficient evidence of "bodily injury" significant enough to warrant the two-level enhancement, and therefore, reject Mr. King's contentions to the contrary, including his attempt to distinguish other circuit cases on grounds sufficient evidence, which existed in those cases, does not exist here.

For the reasons stated, we **AFFIRM** the sentence imposed by the district court in this case.[6]

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[6]  While we grant Mr. King's motion to supplement the record on appeal with "Defendant's Sentencing Memorandum and Objections," we find nothing in this document to convince us "a mistake has been made" with respect to the district court's application of the two-level enhancement.  *See Underwood*, 982 F.2d at 428.