Filed: April 29, 2003

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

―――――――――――

No. 02-4607
(CR-01-316-AMD)

―――――――――――

United States of America,

Plaintiff - Appellee,

versus

Latisha May Martinez,

Defendant - Appellant.

―――――――――――

O R D E R

―――――――――――

The court amends its opinion filed March 17, 2003, as follows:

On page 2, second full paragraph of text, line 2 -- the reference to "Fed. R. Evid. 803(b)(4)" is corrected to read "Fed. R. Evid. 804(b)(3)."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                     No. 02-4607

LATISHA MAY MARTINEZ,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-01-316-AMD)

Submitted: February 26, 2003

Decided: March 17, 2003

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Barry J. Pollack, Leslie Paul Machado, NIXON PEABODY, L.L.P., Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Joseph L. Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

A jury convicted Latisha Martinez of bank robbery (Count 1), armed bank robbery (Count 2), and use of a firearm during a crime of violence (Count 3). The district court sentenced her to a 147-month term of imprisonment, consisting of sixty-three months on Counts 1 and 2 and a consecutive eighty-four-month term on Count 3. Martinez appeals her convictions and sentence, contending that the district court erred in excluding testimony and in applying a two-level enhancement under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(3)(A) (2001).* Finding no reversible error, we affirm.

At trial, Martinez sought to introduce the testimony of a defense investigator pursuant to Fed. R. Evid. 804(b)(3), regarding statements made by Martinez' half-brother, Gabriel Rivera, during interviews with the investigator and defense counsel concerning the identity of the fourth person involved in the bank robbery. Although the district court found that Rivera was unavailable as a witness and that his statements were against his penal interest, the court concluded, given the totality of the circumstances, that there was a lack of corroborating evidence tending to show that the statements were trustworthy. *See United States v. Bumpass*, 60 F.3d 1099, 1102-03 (4th Cir. 1995).

_____

\* In a footnote in her brief filed in this court, Martinez also contends that her rights under the Confrontation Clause were violated because she was denied the opportunity to cross-examine a witness about conflicting statements he made regarding his criminal record. Martinez did not list this issue in her Statement of the Issues on appeal, nor did she develop this argument or support it with published authority. *See* Fed. R. App. P. 28(a)(5), (a)(9)(A). We therefore find that this issue is not properly before us. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of . . . [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal.") (internal citations and quotation marks omitted).

2

We have carefully reviewed Martinez' arguments on appeal and agree with the district court that "corroborating circumstances [did not] clearly indicate the trustworthiness of the statement[s]." *Id.* at 1102. We therefore find no abuse of discretion in the district court's exclusion of the investigator's testimony. *See United States v. Robinson*, 275 F.3d 371, 383 (4th Cir. 2001) (stating standard of review), *cert. denied*, 535 U.S. 1006 (2002), *and cert. denied*, 122 S. Ct. 1945 (2002).

Martinez also asserts that the district court erred by enhancing her base offense level by two levels after finding that a bank teller sustained a significant bodily injury. *See* USSG § 2B3.1(b)(3)(A); USSG § 1B1.1, comment. (n.1(b)) (defining bodily injury). Martinez used the teller's back as a springboard as she (Martinez) vaulted over the teller counter to exit the bank, and another robber hit the teller on the head with the barrel of an assault rifle. The teller suffered contusions on her back and neck for which she sought medical treatment. *See United States v. Hargrove*, 201 F.3d 966, 969-70 (7th Cir. 2000) (collecting cases where similar injuries found to be significant and stating that injured neck muscle "would ordinarily necessitate medical attention, not only because of the fact that an injured neck muscle is painful and warrants medical attention, but also to ensure that a more serious condition . . . did not exist"). We find no clear error in the district court's application of the enhancement. *See United States v. Lancaster*, 6 F.3d 208, 210 (4th Cir. 1993) (providing standard of review); *see also Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (defining clear error).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3