**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO MEJIA-CANALES,

Defendant-Appellant.

No. 05-4218

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 1:05-CR-00011-001 TC)**

---

Kent R. Hart, Utah Federal Defender's Office (Steven B. Killpack, Utah Federal Defender, with him on the briefs), Salt Lake City, UT, for Appellant.

Richard McKelvie, Assistant United States Attorney (Stephen J. Sorenson, Acting United States Attorney, with him on the brief), Salt Lake City, UT, for Appellee.

---

Before **HARTZ**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Defendant challenges a two-level sentencing enhancement for bodily injury

inflicted during a scuffle with a police officer. Because the district court did not

have before it evidence sufficient to support this enhancement, we find it committed clear error and remand for resentencing.

## I. BACKGROUND

On November 21, 2004, while incarcerated as a federal inmate in the Weber County Jail, Francisco Mejia-Canales ignored orders to cease walking away from police officers. When an officer extended his arm to impede Mr. Mejia-Canales, the inmate turned and struck the officer twice with his fist, once on the mouth and once on the forehead. The government indicted Mr. Mejia-Canales for assault on a federal officer, a violation of 18 U.S.C. § 111. Mr. Mejia-Canales pleaded guilty to the charge.

The presentence report ("PSR") calculated an offense level of thirteen, which consisted of a base offense level of ten, three additional levels because the offense involved physical contact, two additional levels because the victim sustained bodily injury, and a two-level deduction for acceptance of responsibility. *See* United States Sentencing Guidelines Manual ("USSG") §§ 2A2.4, 3E1.1 (2005). At sentencing, the primary evidence bearing on the nature of the injuries was a statement in the PSR that, as a result of the assault, the officer "sustained a small laceration on the inside of his mouth and a red mark on his forehead," and that, per jail policy, he reported to the infirmary, where he was provided ibuprofen for his forehead and an oral gel for the cut in his mouth. R. Vol. III, at 2. In addition, the government entered three photographs into the

record—one of the officer's head and two of his mouth. All three photographs are of particularly poor quality and cast little light on the nature of the officer's injuries, especially his head injury, which is indiscernible in the photograph. Aside from these photographs, the government introduced no additional evidence. The officer did not testify and there was no medical evidence, no evidence regarding pain, and no evidence regarding lingering effects or subsequent treatment.

Mr. Mejia-Canales objected to the recommended enhancement for infliction of bodily injury, contending that the injuries sustained by the officer were too trivial to qualify. The district court, after considering the PSR, the three photographs, and Mr. Mejia-Canales' arguments, concluded:

> [I]t seems to me that his injuries were not trivial. I see trivial injuries as something like a slight cut, a slight bruise. Anything that requires some pain medication, even though it's Ibuprofen and that involves laceration in the mouth area—and it appears from what I read that what happened was his tooth probably cut his lip. I think we can all take note, and I could take judicial notice, that injuries to the mouth just are in and of themselves very painful. Because of the mouth area and the saliva, they don't heal fast. You have to eat around them.
> I don't see this as trivial.

R. Vol. II, at 5. The court thus applied the bodily injury enhancement and sentenced Mr. Mejia-Canales to twenty-four months' incarceration, the bottom of the Guidelines range.

## II. DISCUSSION

Mr. Mejia-Canales argues that the government did not present evidence sufficient to prove "bodily injury" under the Guidelines, and that the injuries inflicted in this case simply do not qualify for enhancement. We agree that the evidence was insufficient to support the enhancement.

The relevant Sentencing Guideline limits the definition of "bodily injury" to those that are "significant." USSG § 1B1.1 cmt. n.1(B). It gives as examples "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *Id.* This Court has explained that to be "significant" a bodily injury "need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *United States v. Brown*, 200 F.3d 700, 709 (10th Cir. 1999) (internal quotation marks omitted). In addition, "it is the actual nature of the *injury* sustained and not generalized statements concerning the nature of the conduct . . . that must be the focus of the district court's determination" of bodily injury. *United States v. Perkins*, 132 F.3d 1324, 1326 (10th Cir. 1997); *see also United States v. Guerrero*, 169 F.3d 933, 946 (5th Cir. 1999) ("[T]he focus of the inquiry is *not* on the actions of the defendant, but rather *on the injury sustained*."). With these principles in mind, we review the district court's factual finding of bodily injury for clear error. *See Brown*, 200 F.3d at 709.

-4-

In every reported case where a "bodily injury" enhancement has been upheld against a challenge based on the significance of the injury or the sufficiency of the evidence presented, the record before the district court demonstrated injuries that were more severe than those here, were painful and lasting, or were of a type for which medical treatment would ordinarily be sought. *See Brown*, 200 F.3d at 709 (upholding enhancement where "the victim sustained bleeding and a severe headache" from a beating, "as well as swelling, bruises, cuts and lumps on his face"); *Perkins*, 132 F.3d at 1326 (upholding enhancement where the victim suffered a small laceration, bruising, and continued neck and shoulder pain, which caused the victim to seek chiropractic care); *United States v. Ledford*, 218 F.3d 684, 690–91 (7th Cir. 2000) (upholding enhancement where one beating victim suffered chest pain that necessitated medical tests and the other victim suffered bruising after being struck with a gun in the head and ribs); *United States v. Hargrove*, 201 F.3d 966, 968–70 (7th Cir. 1999) (upholding enhancement where victim suffered a pulled neck muscle, sought medical attention, and was prescribed muscle relaxants for pain and discomfort, and finding that such injuries "ordinarily necessitate medical attention"); *United States v. Hoezler*, 183 F.3d 880, 882–83 (8th Cir. 1999) (upholding the district court's reliance upon a victim's testimony regarding her injuries, which included bruises to her face, chest, and legs); *United States v. Pandiello*, 184 F.3d 682, 685–86 (7th Cir. 1999) (upholding a bodily injury enhancement where one

beating victim suffered a red welt on his forehead and a shoeprint mark on his back and another victim suffered bruised arms and a "wrenched shoulder" that resulted in "persistent . . . pain" and required an x-ray); *United States v. Taylor*, 135 F.3d 478, 482 (7th Cir. 1998) (upholding enhancement where victims sprayed with pepper spray sought medical treatment and suffered burning and irritated skin in the face and mouth area); *United States v. LeCompte*, 108 F.3d 948, 950 (8th Cir. 1997) (upholding enhancement where the victim of a severe beating suffered several injuries including a "deep laceration" requiring suturing); *United States v. Robinson*, 20 F.3d 270, 278–79 (7th Cir. 1994) (upholding enhancement where victims were sprayed with mace and "experienced pain which lasted for hours and had some residual effects for days"); *United States v. Hamm*, 13 F.3d 1126, 1127–28 (7th Cir. 1994) (upholding enhancement where evidence showed that the victim "suffered bumps and bruises[,] had 'the wind knocked out of him,'" and "sustained a back injury requiring chiropractic treatment"); *United States v. Greene*, 964 F.2d 911, 911–12 (9th Cir. 1992) (upholding enhancement where the victim suffered pain for a week and sought medical treatment after being slapped); *United States v. Muhammad*, 948 F.2d 1449, 1455–56 (6th Cir. 1991) (upholding enhancement where the victim suffered "numerous abrasions," "hyperextension of his shoulder" necessitating medical examination, and "soreness in his knees and elbow for two weeks"); *United States v. Isaacs*, 947 F.2d 112, 114 (9th Cir. 1991) (noting that a victim's testimony that his injury was

not painful was likely fabricated to cover for his assailant and was contradicted by other eyewitness testimony of the victim's response to a beating).[1]

The government's best case is probably *Perkins*. There, this Court upheld a district court's application of a bodily injury enhancement based "upon information in the presentence report indicating that [a] security guard sustained a 'small laceration and bruising' and that he experienced continued neck and shoulder pain causing him to seek chiropractic treatment." 132 F.3d at 1326. In upholding this finding, we cautioned:

> Certainly it would have been helpful and prudent for the government to provide more detailed information concerning the medical treatment . . . received. Nevertheless, because it is undisputed that the guard sustained visible and lingering injuries of a type courts have found to constitute 'bodily injury,' we cannot conclude the district court committed clear error . . . .

---

[1]The same holds true for the unreported cases cited by the government in its brief. *See United States v. Perez-Amaro*, 91 Fed. Appx. 649, 651 (10th Cir. 2004) (unpublished opinion) (upholding a bodily injury enhancement where the victims received medical treatment for a chin abrasion and hip contusion, a left ankle fracture, possible spinal injuries, and a scalp laceration requiring stitches); *United States v. Martinez*, 60 Fed. Appx. 428, 429 (4th Cir. 2003) (unpublished opinion) (upholding enhancement where the victim suffered back and neck contusions and sought medical treatment, and noting that such injuries ordinarily necessitate medical attention).

*Id.* The meager record in this case[2] indicates that Mr. Mejia-Canales's victim suffered visible injuries less severe than those at issue in *Perkins* and, unlike in *Perkins*, there was no evidence that those injuries were painful or lasting.

Two injuries are at issue in this case: a minor head injury and a small oral cut. The officer's head injury consisted only of a red mark—without any reported swelling, bleeding, or bruising. Such a mark is not, in and of itself, necessarily painful or obvious, and the record in this case contains *no* evidence regarding the painfulness or duration of this injury. As for the oral cut suffered by the officer, the district court took "judicial notice"—in context, meaning the application of common sense and experience to conclude—that oral injuries do not heal quickly. But as anyone who has bitten his tongue or lip while chewing can attest, such a conclusion is far from ineluctable. Oral injuries come in all varieties—some lasting and some fleeting, some painful and some scarcely so. The district court had before it only the PSR's cursory description of a "small laceration" and two photographs of the officer's mouth, which are of such poor quality that they could lend no support to a factual finding. Such evidence, which speaks to neither the lasting nor the painful nature of the injuries, is insufficient for a finding of bodily injury in a case where the visible evidence alone is not enough to prove

---

[2]Although a district court cannot, without issuing a ruling on the matter or determining that a ruling is unnecessary, accept as a finding of fact "any disputed portion" of a PSR, Fed. R. Crim. P. 32(i)(3)(A)–(B), the parties in this case both accept the PSR's factual description of the officer's injury.

significance.  *See United States v. Harris*, 44 F.3d 1206, 1218 (3rd Cir. 1995) (noting "the necessity of sentencing courts making a factually specific inquiry in each case as to whether the injury was 'painful and obvious,' was 'of a type for which medical attention ordinarily would be sought,' or was more than insignificant for some other reason").  Furthermore, the PSR's description of the cut as "small" is in some tension with the Guidelines' requirement that an injury sufficient for enhancement be "significant."  *Cf. United States v. Dodson*, 109 F.3d 486, 489 (8th Cir. 1997) ("Characterizing injuries as 'minor' is not consistent with the Guidelines definition of 'bodily injury' as 'significant injury.'")  Thus, even though the clear error standard has been applied forgivingly in bodily injury enhancement cases,[3] here the district court's finding

---

[3]As the Fourth Circuit has put it:

The term "significant injury," by its open-ended nature, cannot be defined with exactitude. Whether an injury is "significant," thus, should not be determined by a precise standard meted out at the appellate level and mechanically applied by the district court. Rather, it should be determined by a very factually-specific inquiry which takes into account a multitude of factors, some articulable and some more intangible, that are observable in hearing the evidence presented on the injury. Because the district court hears this evidence, it is by far best-situated to assess these myriad factors and determine whether a "significant injury" has occurred. We, as the court of appeals, are in a far less advantageous position to make this determination as we have before us only the written record and this record is often inadequate in conveying many of these factors. As a result of our position, our ability to review the district court's determination of whether a "significant injury" has occurred is quite limited and we will disturb it only when the record reveals that the

(continued...)

was simply "without factual support in the record," *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) (internal quotation marks omitted), and must be reversed.

Cases from other circuits reversing bodily injury enhancements confirm our decision here. In *Dodson*, the Eighth Circuit reversed an enhancement imposed by the district court upon consideration of a PSR statement that a choked police officer sustained "minor injuries." 109 F.3d at 488–89. The court reversed, noting that the government did not call the officer "to testify regarding the nature of his injuries or whether he had suffered any pain as a result," and "the only evidence, if it can be characterized as that, concerning the injuries . . . suffered was the PSR's description of the injuries." *Id.* at 489. Such a minimal record, the Eighth Circuit found, was insufficient to support an enhancement. *Id.* Similarly, in *United States v. Guerrero*, the Fifth Circuit reversed an enhancement where the PSR failed to describe the injuries sustained and no other evidence was presented to the sentencing court. 169 F.3d at 947. And in *United States v. Harris,* the Third Circuit reversed an enhancement where the victims had been sprayed with mace but the record before the district court failed to reveal the character of

---

[3](...continued)
district court clearly erred.

*United States v. Lancaster*, 6 F.3d 208, 210 (4th Cir. 1993); *see also Perkins*, 132 F.3d at 1326 (citing *Lancaster*'s conception of "significant injury").

medical attention given to the victims, the degree of pain experienced, or "the character and duration of the symptoms experienced." 44 F.3d at 1218.

Having found no evidence that the injuries in this case were nontrivially painful or lasting, we also find that the Guidelines example of an injury "for which medical attention would ordinarily be sought," USSG § 1B1.1 cmt. n.1(B), does not lend support to the district court's finding in this case. The injured officer sought treatment as a matter of standard jail practice rather than out of concern over the severity of his injuries. Indeed, at oral argument, the government conceded that it cannot rely on this portion of the Guidelines definition to support the enhancement in this case.

The government maintains that our decision in *Brown* requires a different result. But in *Brown* the injuries were much more serious—bleeding, severe headache, swelling, bruises, cuts, and lumps on the face—and the record before the district court demonstrated that the injuries were both painful and lasting. *See United States v. Brown*, 200 F.3d 700, 710 (10th Cir. 1999). And although *Brown* noted that "[v]isible injuries such as bumps, bruises, and redness or swelling are sufficient to constitute 'bodily injury,'" *id.* at 709, this statement should not be read as establishing *per se* categories of "bodily injury." Rather, this statement must be read in context: the immediately preceding sentence in *Brown* states that to be significant an injury "cannot be wholly trivial and . . . must last for some meaningful period." *Id.* Redness can result from the most minor of injuries, and

-11-

can go away quickly (for example, the redness that results from a pinch or a slap).

As discussed above, in all of the cases cited in the government's brief, the record before the district court demonstrated injuries that were more severe than those here, painful and lasting, or of a type for which medical treatment would ordinarily be sought.

Our reversal of the sentence enhancement in this case should not be construed as downplaying the serious nature of Mr. Mejia-Canales's offense. Jail personnel operate in an environment fraught with danger and risk to their physical well-being. An assault on an officer triggered by a prisoner's disagreement with the officer's orders is an inexcusable act that Congress has appropriately criminalized, and for which the punishment is substantial. We hold only that the evidence presented in this case was not sufficient to *enhance* the sentence based on infliction of bodily injury.

## III. CONCLUSION

Because the district court committed clear error in finding "bodily injury" without sufficient evidence in the record, we REVERSE and REMAND for resentencing consistent with this opinion.