**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 16-3068

————————

UNITED STATES OF AMERICA

v.

DARIAN TENSLEY,
Appellant

———————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3:15-cr-00108-001)
District Judge: Honorable James M. Munley

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2017

Before: MCKEE, RENDELL, and FUENTES, *Circuit Judges*

(Opinion filed: February 13, 2017)

————————

OPINION[*]

————————

FUENTES, *Circuit Judge*

In August 2013, while serving a lengthy federal drug sentence at Schuylkill FCI,[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Darian Tensley became agitated during a routine pat-down conducted by Officer Jim Siedel. During a brief scuffle, Tensley spun around and punched Siedel in the face.[2] Almost two years later, Tensley was indicted under 18 U.S.C. § 111 ("Assaulting, resisting, or impeding certain officers or employees"), entered an open plea of guilty, and was sentenced to 33 additional months in prison. The only issue now on appeal is whether the District Court correctly overruled Tensley's objection to a two-level sentencing enhancement for causing Siedel "bodily injury," a decision we review for clear error.[3]

The relevant definition of "bodily injury" is found in the Application Notes to U.S.S.G. § 1B1.1: "any significant injury; *e.g.,* an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." Whether an injury is "significant" is a fact- and record-dependent inquiry that looks to whether the injury was more than trivial or minor. Relevant factors include the degree and duration of the pain and discomfort experienced by the victim, as well as the character of any medical

---

[1] *See* M.D. Fl. Crim. No. 8:03-CR-00227; *see also* Pre-Sentence Report ("PSR") ¶ 60 (reflecting a 327-month sentence for selling 53.8 grams of crack cocaine).

[2] The PSR says that Tensley threw and landed two punches, *see* PSR ¶ 5, but the sentencing transcript reflects only a single punch, *see* App'x 29.

[3] *See United States v. Harris*, 44 F.3d 1206, 1217 (3d Cir. 1995); *see also United States v. Richards*, 674 F.3d 215, 220–22 (3d Cir. 2012) (discussing clear error review in the context of Guidelines determinations). We have jurisdiction to answer this question under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

intervention.[4]

The government submitted two exhibits to the District Court in support of the proposed enhancement. The first was a contemporaneous incident report that briefly described Officer Siedel's injuries: "Suffered contusion to [his] upper and lower lips/swelling, small laceration, interior lower lip . . . ."[5] Siedel was "instructed" to "follow-up with the local hospital."[6] The second exhibit was a set of full-color photos of Siedel's face, time-stamped within five minutes of the attack. They show Siedel with a bloody nose and a cut inside lower lip.[7] No formal medical report was introduced into the record.

The government then called Officer Siedel to the stand during Tensley's sentencing hearing, which was held almost three years after the incident. At the hearing, Siedel discussed his injuries, which he described as "very" painful.[8] With regard to medical intervention, he testified that the emergency-room doctors had examined his mouth (to ensure his teeth were not loose) and X-rayed his arm. He was told that he would probably have headaches for a few days (he did) and to treat them with over-the-

---

[4] *See Harris*, 44 F.3d at 1217–19.

[5] App'x 57. Siedel also sustained an injury to his elbow and left hand while restraining Tensley after the attack. *See* App'x 38.

[6] App'x 57.

[7] *See* App'x 56. The copy in the appendix is in black and white; the color photographs are available on the District Court's docket at ECF No. 46.

[8] App'x 38–39.

counter pain medications. Siedel returned to work the next day—"psychologically, it was a little tough"—and experienced some swelling that affected his ability to smile.[9] He later clarified that he required no follow-up medical attention and that his teeth were fine. Moreover, on cross, he candidly conceded that he received no treatment for his lip injuries and that the X-rays revealed nothing amiss. And he agreed with defense counsel that it was "fair" to say "there was no treatment at the hospital, other than X-rays and an evaluation that there was no damage done."[10]

Relying on two out-of-Circuit cases, Tensley argues on appeal that the injuries Siedel sustained were not "significant" and thus could not support the "bodily injury" sentencing enhancement. The first case, the Tenth Circuit's 2006 decision in *United States v. Mejia-Canales*,[11] has similar facts: a federal inmate struck a guard in the face and head, was indicted under 18 U.S.C. § 111, and received the bodily-injury enhancement in District Court. The successful appellate challenge to the enhancement in *Mejia-Canales*, however, grew out of the government's failure to provide an adequate factual basis for applying it. The guard's injuries were minor, consisting of a head wound and a small oral cut; the record contained only three poor-quality photographs and the PSR's brief description of the wounds. Moreover, the guard did not testify.[12] The

---

[9] App'x 40.

[10] App'x 43.

[11] 467 F.3d 1280 (10th Cir. 2006).

[12] *Id.* at 1281, 1283–84.

Fifth Circuit reached much the same conclusion, for much the same reason, in *United States v. Zuniga*,[13] the other decision Tensley relies on. There, the Fifth Circuit described evidence of the injury—a single eyewitness statement about the victim being "trampled" and experiencing pain in her arm—as "sparse."[14]

We believe the record here is sufficient to support the application of the enhancement under our deferential review for clear error. Unlike in *Mejia-Canales* and *Zuniga*, the victim here testified about his injuries, saying that they were painful and had aftereffects that lasted for days—both factors that can support a finding of bodily injury.[15] The full-color photographs, meanwhile, show Siedel bleeding from his mouth and nose. While the medical attention revealed nothing serious and the testimony about psychological trauma might not bear on the enhancement,[16] the record was such that the

---

[13] 720 F.3d 587 (5th Cir. 2013) (per curiam).

[14] *Id.* at 593.

[15] *See, e.g., United States v. Maiden*, 606 F.3d 337, 338, 340 (7th Cir. 2010) (affirming enhancement when PSR contained victim's statement that, after being sprayed in the eyes with pepper spray, she felt a burning sensation that prevented her from wearing contact lenses).

[16] It is unclear whether the District Court took this part of Siedel's testimony into account. We do not appear to have decided whether mental anguish alone, such as trauma arising from the fact of the attack itself—as distinguished from mental distress that illuminates or arises from an injury and bears upon its significance—can be a component of a "bodily injury" determination. *See, e.g., United States v. Lanzi*, 933 F.2d 824, 827 (10th Cir. 1991) (finding no clear error when "psychological injury" was deemed not to amount to "bodily injury"); *cf. United States v. Spinelli*, 352 F.3d 48, 58 (2d Cir. 2003) (finding psychological injury could constitute "serious" and "permanent or life-threatening" bodily injuries, whose definitions in the Application Notes to § 1B1.1

5

District Court could reasonably find that Siedel suffered a "significant" injury. And when there are two reasonable views of the evidence, a choice between them cannot be clearly erroneous.[17]

In sum, we find no clear error in the District Court's judgment of sentence. It will be affirmed.

---

include damage to "mental faculty"). The record here was sufficient to apply the enhancement without that testimony, so we leave the question for another day.

[17] *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014).