UNITED STATES of America, Plaintiff–Appellee,

v.

William R. ISAACS, a/k/a Billy Isaacs, Defendant–Appellant.

No. 90–5541.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1991.

Decided Oct. 18, 1991.

Mark M. Baker, Slotnick & Baker, New York City, argued (Margaret E. Alverson, Lori E. Mann, Louis H. Benjamin, Jeffrey Fessler, Law Student, on brief), for defendant-appellant.

Gary Patrick Jordan, First Asst. U.S. Atty., Baltimore, Md., argued (Breckinridge L. Willcox, U.S. Atty., Lisa M. Griffin, Asst. U.S. Atty., on brief) for plaintiff-appellee.

Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HILTON, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WILKINS, Circuit Judge:

William R. Isaacs appeals his convictions on two counts of collection of extensions of credit by extortionate means, 18 U.S.C.A. § 894(a) (West 1976), and the resulting sentence. He claims that his convictions are not supported by sufficient evidence, that the district court improperly increased his sentencing guidelines base offense level by two levels based upon a determination that a victim of his extortionate conduct suffered bodily injury, and that he was not provided effective assistance of counsel at trial. We affirm.

### I.

In determining whether the verdict of the jury is supported by substantial evidence, we review the evidence in a light most favorable to the government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

### A.

Isaacs was charged in count one with using extortionate means to collect or to attempt to collect an extension of credit from Melvin Feldsher. 18 U.S.C.A. § 894(a)(1). In amounts ranging from $5,000 to $30,000, Isaacs loaned Feldsher approximately $100,000 in cash over a period of two years. At the time of each loan, Feldsher agreed to repay the full amount of the loan plus twenty percent interest within ten weeks. Although Feldsher made periodic payments to Isaacs, at the time of trial Feldsher's remaining debt to Isaacs totalled $24,000.

When Feldsher encountered difficulty in repaying Isaacs, Isaacs resorted to extortionate means during attempts to collect. Testimony adduced from Feldsher at trial established that Isaacs confronted him on several occasions and threatened to physically harm him if he failed to repay the loans. During collection attempts Isaacs stated that he would use physical force even if he had to "do twenty years." As a result Feldsher feared Isaacs could "put [him] away for a month in the hospital." Feldsher's fear that Isaacs would use physical violence caused him to prepare a last will and testament, to acquire a gun for protection, and, after learning that Isaacs struck another debtor, to carry the gun on his person when he met with Isaacs. In addition to Feldsher's trial testimony, the government offered into evidence, without objection and apparently pursuant to Federal Rule of Evidence 803(3), numerous other statements made by Feldsher concerning his fear that Isaacs would harm or kill him. These statements were made contemporaneously with Isaacs' collection efforts and

were recorded by a third party without Feldsher's knowledge. We hold that substantial evidence supports Isaacs' conviction on count one. *Id.*

### B.

■ Isaacs was also convicted of using extortionate means to punish Samuel Merlo for nonrepayment of an extension of credit. 18 U.S.C.A. § 894(a)(2). Merlo borrowed approximately $100,000 from Isaacs on terms similar to the Feldsher loans and owed Isaacs $20,000 when Isaacs confronted him at a local night club. A government witness, Morris Schwartz, testified that he heard Isaacs state to Merlo, "[Y]ou came to my house and I gave you my money and now you tell me you can't pay me." He then observed Isaacs strike Merlo on the face. Merlo testified that Isaacs struck him because he lied to Isaacs by failing to tell him that he spent the money gambling. He also testified that he suffered no physical effects from the injury and that there was "no malice involved."

■ Merlo's testimony exemplifies that of a loan-sharking victim who fears the consequences of nonrepayment and of testifying as a complaining witness.* *See United States v. Bowdach*, 501 F.2d 220, 226 & nn. 7–10 (5th Cir.1974), *cert. denied,* 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 426 (1975). Recognizing the reluctance of loan-sharking victims to testify, courts have sustained convictions under 18 U.S.C.A. § 894 although the victim denied that a defendant used extortionate means during attempts to collect extensions of credit. *E.g., United States v. DeLutro*, 435 F.2d 255, 256–57 (2d Cir.1970), *cert. denied,* 402 U.S. 983 (1971). A jury may discount a loan-sharking victim's unwillingness to testify concerning extortionate aspects of a defendant's conduct and may base its guilty verdict upon independent evidence of extortion. *See United States v. Dennis,* 625 F.2d 782, 801 (8th Cir.1980). While Merlo's testimony does conflict in some ways with the testimony of other witnesses, the record, taken as a whole, contains substantial evidence supporting Isaacs' conviction on count two. *Glasser*, 315 U.S. at 80, 62 S.Ct. at 469.

### II.

■ Isaacs argues that Merlo's testimony that the blow to his face was not painful precludes a determination by the district court that Merlo suffered bodily injury. In making this determination, the court found persuasive testimony adduced at trial from four witnesses who observed Merlo within a few hours after the battery occurred. Shortly after Isaacs struck Merlo, Schwartz heard Merlo state, "I had the ____ slapped out of me," (expletive deleted) and he observed that Merlo's face was red. Feldsher noticed that Merlo's face "looked a little reddish" and related that Merlo stated to him that his ear was ringing as a result of Isaacs' blow. An FBI Special Agent testified that the side of Merlo's face "appeared to be puffy." Merlo's son testified that he observed a red mark on the side of his father's neck. Based upon this testimony, the court found that Merlo's testimony was contradicted by his own contemporaneous statement and the observations of other witnesses, and that he distorted the facts in an effort to present them in a manner favorable to Isaacs.

The base offense level for an offense of extortionate collection of an extension of credit is increased by two levels "[i]f any victim sustained bodily injury." United States Sentencing Commission, *Guidelines Manual,* § 2E2.1(b)(2) (Nov. 1989). "'Bodily injury' means any significant injury; *e.g.,* an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n. 1(b)). A determination by a district court concerning whether a victim sustained bodily injury within the meaning of this section is a factual finding reviewable under a clearly erroneous stan-

---

* Merlo's allegation that Isaacs attempted to influence his grand jury testimony formed the basis of Isaacs' conviction for corruptly attempting to persuade a witness to withhold testimony from a federal grand jury in violation of 18 U.S.C.A. § 1512(b)(2)(A) (West Supp.1991). Isaacs does not appeal his conviction on this count.

dard. *See United States v. Lanzi*, 933 F.2d 824 (10th Cir.1991). Because we cannot say that this determination is clearly erroneous, it must remain undisturbed. *See United States v. White*, 875 F.2d 427, 431 (4th Cir.1989).

### III.

We decline to consider on direct appeal Isaacs' claim of ineffective assistance of counsel. *United States v. Percy*, 765 F.2d 1199, 1205 (4th Cir.1985).

AFFIRMED.