UNITED STATES of America,
Plaintiff–Appellant,

v.

Melvin Todd LANCASTER,
Defendant–Appellee.

No. 93–5263.

United States Court of Appeals,
Fourth Circuit.

Argued July 28, 1993.

Decided Oct. 4, 1993.

Harry Thomas Church, Office of the U.S. Atty. (argued), Charlotte, NC (Jerry W. Miller, U.S. Atty., Robert J. Higdon, Jr., Asst. U.S. Atty., on brief), for plaintiff-appellant.

Harold Johnson Bender, Law Office of Harold J. Bender, Charlotte, NC, for defendant-appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

## OPINION

### PER CURIAM:

The government appeals the sentence received by defendant Melvin Lancaster after he pled guilty to bank robbery. We find no error in the sentence and affirm.

### I

Defendant Lancaster and three other individuals robbed a Pinkerton truck outside a bank in Statesville, North Carolina. During the robbery, they sprayed mace into the eyes of John Gentle, a security guard who was present with the truck. The mace stunned Gentle and caused severe burning in his eyes and cheeks. Gentle was examined by an optometrist after the incident as a precautionary measure but presented no evidence that the mace created any lasting health problems.

Lancaster pled guilty to bank robbery and came before the district court for sentencing. The government asked the district court to enhance his sentence under U.S.S.G. § 2B3.1(b)(3) because he had committed a crime in which a victim sustained a significant injury. The district court received evidence on the extent of Gentle's injury and refused to give the enhancement, finding that "the injury appears to have been insignificant."

### II

The only issue raised by the government in this appeal is whether the district court's refusal to enhance Lancaster's sentence was proper. We conclude that it was.

U.S.S.G. § 2B3.1(b)(3) requires that a defendant receive a two-level sentencing en-

hancement if a victim sustained "bodily injury." Application Note 1(b) to U.S.S.G. § 1B1.1 defines "bodily injury" as "any significant injury; e.g. an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *See Stinson v. United States*, —— U.S. ——, ——, 113 S.Ct. 1913, 1917–18, 123 L.Ed.2d 598 (holding that commentary in the Guidelines that is not unconstitutional and not inconsistent with a Guidelines provision is binding).

The surest guide in interpreting "significant injury" is the context in which it is used in the Sentencing Guidelines. *See Conroy v. Aniskoff*, —— U.S. ——, ——, 113 S.Ct. 1562, 1565, 123 L.Ed.2d 229 (1993) ("[T]he meaning of statutory language ... depends on context."). A "significant injury" under Application Note 1(b) is less than a "serious bodily injury" or a "permanent or life-threatening bodily injury," for which defendants receive, respectively, a four-level or a six-level enhancement. U.S.S.G. § 2B3.1(b)(3). At the same time, it is presumptively greater than an "insignificant injury," for which no enhancement is indicated.[1]

We find this context to indicate that to be "significant" an injury need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period. *See United States v. Isaacs*, 947 F.2d 112, 114 (4th Cir.1991) (finding that redness and puffiness in face and ringing in ear that lasted for hours constituted significant injury); *United States v. Greene*, 964 F.2d 911, 911–12 (9th Cir.1992) (holding that swelling and pain in cheek that lasted for one week constituted significant injury); *United States v. Muhammad*, 948 F.2d 1449, 1456 (6th Cir.1991) (finding that abrasions, hyperextension of

---

1. The term "insignificant injury" is somewhat confusing to interpret and should not be misconstrued. To be an "insignificant injury," the effect of the defendant's contact with the victim has to be "insignificant" but, at the same time, must still be sufficient to constitute an "injury." For example, had Lancaster merely pushed Gentle aside, causing him no injury, rather than spraying him with mace, Gentle would not have sustained an "insignificant injury;" he would

have sustained no injury at all. All of this is important in defining "significant injury" because the effect on a victim that we consider sufficient to be a "significant injury" must not only be greater than the effect on a victim who has sustained no injury at all, but must also be greater than the effect on a victim who has only sustained an injury that would be characterized as "insignificant."

shoulder, and soreness in knees and elbow that lasted for two weeks constituted significant injury), *cert. denied,* ── U.S. ──, 112 S.Ct. 1239, 117 L.Ed.2d 472 (1992). On the other hand, those injuries that are either momentary, with no lasting effects, or wholly trivial are not "significant."[2]

We recognize that this definition of "significant injury" provides only general guidance, and this is by design. The term "significant injury," by its open-ended nature, cannot be defined with exactitude. Whether an injury is "significant," thus, should not be determined by a precise standard meted out at the appellate level and mechanically applied by the district court. Rather, it should be determined by a very factually-specific inquiry which takes into account a multitude of factors, some articulable and some more intangible, that are observable in hearing the evidence presented on the injury. Because the district court hears this evidence, it is by far best-situated to assess these myriad factors and determine whether a "significant injury" has occurred. We, as the court of appeals, are in a far less advantageous position to make this determination as we have before us only the written record and this record is often inadequate in conveying many of these factors. As a result of our position, our ability to review the district court's determination of whether a "significant injury" has occurred is quite limited and we will disturb it only when the record reveals that the district court clearly erred. *Isaacs,* 947 F.2d at 114–15.

■ We have no trouble finding that the district court did not clearly err in determining that Gentle's injury was not "significant." While the burning in Gentle's eyes and cheeks caused by the mace was undoubtedly unpleasant, and could not be described as wholly trivial, it was only momentary and the mace produced no lasting harm. The examination by an optometrist that Gentle sought afterwards was not the type of "medical attention" that the Guidelines contemplate as being sought after significant injuries because it was precautionary only and, in any event, an optometrist is not a medical doctor. On these facts, we find it quite reasonable that the district court, after hearing the evidence on the extent of Gentle's injury, decided that Gentle's injury was not "significant."[3] Moreover, even if the district court, after hearing the evidence here, found that the issue of whether Gentle's injury was "significant" was "subject to some doubt," it would properly have applied the rule of lenity to conclude that the injury was not "significant" and refused to enhance Lancaster's sentence. *Adamo Wrecking Co. v. United States,* 434 U.S. 275, 284–85, 98 S.Ct. 566, 572–73, 54 L.Ed.2d 538 (1978); *see Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) (holding that rule of lenity applies in interpreting sentencing provisions); *United States v. Hall,* 972 F.2d 67, 69 (4th Cir.1992) (same).

*Isaacs* is easily distinguished. There the defendant struck a victim in the face, causing the victim's face to be red and puffy and his ears to ring for hours. *Isaacs,* 947 F.2d at 114. The district court, after hearing testimony from several witnesses who had observed the victim's injury, determined that

**2.** This classification scheme is consistent with Application Note 1(b)'s description of "significant injury" as one that is "painful and obvious." Trivial injuries are not noticeably painful nor are they normally obvious to an observer. A momentary injury may be immediately "painful," but it is not "obvious" as we feel that term is intended in this context because it disappears quickly.

It is also consistent with Application Note 1(b)'s elaboration of "significant injury" as being an injury "of a type for which medical attention ordinarily will be sought." Medical attention is not ordinarily sought for wholly trivial injuries. And while people who have sustained purely momentary injuries may often choose to be examined by a doctor as a precautionary measure to ensure that they have sustained no lasting harm, we do not understand such precautionary examinations to be the type of "medical attention" that the Guidelines contemplate to make an injury "significant."

**3.** In fact, we would have had some reservations had the district court found that Gentle's injury was "significant." Mace is used quite commonly in law enforcement, especially in prisons. The momentary effects of the mace on Gentle were the same effects that the mace has on persons when it is used by law enforcement officials. To find that these effects constitute a "significant injury" would invite an unnecessary increase in the already-considerable number of actions under 42 U.S.C. § 1983 against these officials.

the injury was "significant." *Id.* This Court affirmed, finding the district court's determination not to have been clearly erroneous. *Id.*, at 115. The effect of the mace on Gentle in the case at bar lasted minutes, not hours. More importantly, unlike in *Isaacs,* the district court here, having heard evidence on the extent of Gentle's injury, found that the injury was not "significant." We do not fail to follow *Isaacs* in deferring to the district court's judgment, especially in a determination which relies heavily on this judgment, *see* discussion at pp. 209 *supra,* in the same way that we deferred to the district court's judgment in *Isaacs* that the injury was "significant." [4]

### III

For the reasons stated, we affirm the district court's refusal to enhance Lancaster's sentence.

***AFFIRMED.***

---

**4.** In its brief, the government argued in the alternative that even if the Guidelines do not dictate that Lancaster's sentence be enhanced, the district court should depart from the Guidelines and enhance Lancaster's sentence because his co-defendants received this enhancement. Lancaster's co-defendants made plea agreements with the government that stipulated as to their sentences, and these sentences included enhancement for causing Gentle bodily injury. At oral argument, however, the government abandoned this argument and, as a result, we express no opinion on it.