45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David WALDRON, Defendant-Appellant.
 No. 93-5694.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 30, 1994.
Decided: December 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden II, Chief District Judge. (CR-93-42)
 Joseph W. McFarland, Jr., HAGUE & MCFARLAND, Parkersburg, W VA; Elizabeth Deer Harter, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Charleston, W VA, for Appellant. Rebecca A. Betts, United States Attorney, Victoria B. Major, Assistant United States Attorney, Charleston, W VA, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael David Waldron was convicted by a jury of retaliation against a federal witness, 18 U.S.C. Sec. 1513 (1988), and was sentenced to a term of fifty-one months. He appeals his sentence, claiming as error the enhancement he received for causing physical injury, USSG Sec. 2J1.2(b)(1),[1] and the denial of an adjustment for acceptance of responsibility under USSG Sec. 3E1.1. He also contends that his sentence was disproportionate to his crime. We affirm.
 
 
 2
 While he was confined at the Wood County Correctional Center (WCCC) in Parkersburg, West Virginia, Waldron, who weighs 400 pounds, slapped Mark Lemley in the face, told him, "That's for Sharp," and called him a snitch. Lemley had testified as a government witness when Paul Sharp was tried on federal drug charges. Afterward, Waldron called a guard to his cell and told him to tell another inmate that he had just "hit the guy that ratted on Paul Sharp." Lemley was not injured, and did not require medical treatment.
 
 
 3
 Lemley testified that after hitting him, Waldron said there was more coming from others, and that he showed his fist or shook his fist at Lemley whenever he saw him during the few days that Lemley remained at WCCC. A jury found Waldron guilty of retaliation, which is defined in Sec. 1513 as knowingly engaging in any conduct which causes bodily injury with intent to retaliate. Bodily injury as defined in 18 U.S.C. Sec. 1515(a)(5) (1988) may consist simply of pain.
 
 
 4
 The guideline applicable to witness retaliation, USSG Sec. 2J1.2, provides a base offense of twelve. An eight-level enhancement may be made when the offense involves "causing or threatening to cause physical injury to a person ... in order to obstruct the administration of justice." USSG Sec. 2J1.2(b)(1). Waldron argues that the enhancement was clearly erroneous in his case because the court found that he had caused physical injury by looking to the statutory definition of bodily injury rather than referring to the definition of bodily injury contained in guideline section 1B1.1.
 
 
 5
 Application note 1(b) to section 1B1.1 defines "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." The commentary notes that the definition used in the guidelines is "somewhat different than that used in various statutes." The definitions given in guideline section 1B1.1 are applicable whenever the defined terms appear in the guidelines.
 
 
 6
 However, the term "physical injury," not "bodily injury," is used in section 2J1.2. That term is not defined, either in section 1B1.1 or in section 2J1.2, and thus encompasses any physical harm, including lesser injuries which are not "painful and obvious" and do not come within the guideline definition of "bodily injury." This view is supported by application note 4 to section 2J1.2, which states that a departure may be warranted if "bodily injury" resulted from the defendant's conduct. The guideline thus indicates that the enhancement should be given even for insignificant injuries. See United States v. Lancaster, 6 F.3d 208, 209 n. 1 (4th Cir.1993) (momentary injury may be painful, but is not obvious because it disappears quickly).
 
 
 7
 In his reply brief, Waldron relies on United States v. Schnurstein, 977 F.2d 449, 445 (8th Cir.1992), in which the Eighth Circuit looked to section 1B1.1's definition of bodily injury in deciding whether the sentencing court plainly erred in making an enhancement under guideline section 2J1.2(b)(1).[2] The defendant in Schnurstein beat his victim and the victim was hospitalized briefly; the appeals court found that the enhancement was not plain error. Schnurstein is not controlling, however, because the appeals court held that the victim had clearly suffered bodily injury and did not decide whether an enhancement would have been proper had he suffered only a lesser injury. Therefore, the district court did not err in finding that, in causing pain, Waldron caused physical injury within the meaning of the guideline.
 
 
 8
 Waldron next argues that no increase was due because the offense conduct was the same as the special offense characteristic being applied. We find no error. Guideline section 2J1.2 covers various forms of obstruction of justice prescribed by a number of different statutes. The background commentary states that "[n]umerous offenses of varying seriousness may constitute obstruction of justice," and it lists a selection of such offenses. The special offense characteristic of causing physical injury provides an enhancement for a certain kind of obstruction of justice, and was correctly applied in Waldron's case.
 
 
 9
 In the district court, Waldron contested the probation officer's recommendation that he not receive an adjustment for acceptance of responsibility because he went to trial and, after his conviction, admitted striking Lemley but not for the reasons and with the severity the government claimed. In a written objection, Waldron asserted that he had accepted responsibility to the best of his ability given the brain damage he suffered in a 1986 motorcycle accident.[3] The district court found that Waldron had not accepted responsibility and had insisted on a trial at which there was overwhelming evidence of guilt.
 
 
 10
 On appeal, Waldron argues that the district court's denial of a reduction for acceptance of responsibility in part because he chose to go to trial punishes him for exercising his Sixth Amendment right to a trial. Because he did not make this claim in the district court, it is reviewed for plain error. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991).
 
 
 11
 The commentary to section 3E1.1 states that the adjustment should not be applied to a defendant who contests his factual guilt at trial except in unusual circumstances where the defendant clearly accepts responsibility even though he goes to trial. In such circumstances, the determination of acceptance of responsibility should be based primar ily on pre-trial statements of the defendant. USSG Sec. 3E1.1, comment. (n.2). No evidence has been presented of pre-trial statements or conduct by Waldron which show acceptance of responsibility for retaliation.
 
 
 12
 Other circuits have consistently held that the denial of section 3E1.1 reduction to defendants who do not express remorse for their conduct until after trial does not impair the Sixth Amendment right to a trial. See, e.g., United States v. Saunders, 973 F.2d 1354, 1361-63 (7th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993); United States v. Parker, 903 F.2d 91, 105 (2d Cir.1990). Here, even after his conviction, Waldron failed to demonstrate any recognition of the wrongfulness of his conduct. Waldron's admission that he slapped Lemley was qualified at trial and during sentencing by his insistence that nothing of importance occurred because Lemley was not injured. Therefore, the district court neither plainly erred nor violated Waldron's Sixth Amendment right to trial by denying him the adjustment.
 
 
 13
 Finally, Waldron claims for the first time on appeal that fifty-one months is an excessive sentence for the offense he committed. We find that the district court did not commit plain error in sentencing Waldron to the lowest possible sentence within the guideline range of 51-63 months. A proportionality review is not required where the sentence is less than life without parole. United States v. Francois, 889 F.2d 1341, 1343 (4th Cir.1989), cert. denied, 494 U.S. 1085 (1990).
 
 
 14
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 Schnurstein was convicted of witness tampering, 18 U.S.C.A. Sec. 1512(b) (West Supp.1994)
 
 
 [3]
 According to the presentence report, Waldron has received treatment for his condition, and has memory problems resulting from the accident