UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MAURICE ISSAC HEMINGWAY, a/k/a
Mario,

*Defendant-Appellant.*

No. 03-4394

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-02-756)

Submitted: June 18, 2004

Decided: August 23, 2004

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Debra Y. Chapman, DEBRA CHAPMAN, P.A., Columbia, South
Carolina, for Appellant. Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Maurice Issac Hemingway was convicted on all three counts of an indictment alleging robbery, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a), 2 (2000);* use of a firearm in relation to a robbery, 18 U.S.C. §§ 924(c) and 2 (2000); and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a) (2000). The district court sentenced Hemingway to 197 months imprisonment followed by five years of supervised release. Hemingway was ordered to pay a $300 special assessment and $7.66 restitution. Hemingway appeals his conviction and sentence. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising three issues but stating that, in his view, there are no meritorious grounds for appeal. Hemingway was informed of his right to file a pro se supplemental brief and raises one additional issue on appeal. Finding no error, we affirm.

Counsel challenges the district court's admission of Hemingway's confession, alleging it was involuntarily obtained through coercive police activity. We hold that a review of the transcript of the suppression hearing reveals no error because the totality of the circumstances does not indicate that Hemingway's confession was involuntarily given or the result of police coercion. *United States v. Braxton*, 112 F.3d 777, 780-81 (4th Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1071 (4th Cir. 1987). Therefore, Hemingway's confession was not admitted in violation of the Fifth Amendment. *Braxton*, 112 F.3d at 780.

Counsel further challenges the district court's denial of Hemingway's motion for judgment of acquittal based on the robbery's effect on interstate commerce. This court reviews de novo a district court's decision to deny a motion for judgment of acquittal. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). When, as here, the

_____

*The aiding and abetting charge, 18 U.S.C. § 2, was added to Count 1 of the indictment at the close of evidence by the district court and the United States Attorney. (J.A., Vol. I at 292-93, 320-22, 363-64, 369-70). Hemingway did not object to the addition of the charge. (*Id.* at 322).

motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

A conviction under the Hobbs Act requires proof of an underlying robbery and an effect on interstate commerce. *United States v. Williams*, 342 F.3d 350, 353 (4th Cir. 2003), *cert. denied*, 124 S. Ct. 1189 (2004). A conviction pursuant to the Hobbs Act will be sustained if there is at least a minimal effect on interstate commerce. *Id.* at 354. Simply depleting the assets of a business engaged in interstate commerce is all that is necessary to satisfy the interstate commerce nexus of the Hobbs Act. *United States v. Bengali*, 11 F.3d 1207, 1212 (4th Cir. 1993); *United States v. Buffey*, 899 F.2d 1402, 1404 (4th Cir. 1990). Evidence was introduced at trial that approximately twenty dollars was stolen from the Best Western hotel during the robbery, Best Western is a national chain that receives supplies from out-of-state, most of the hotel's guests are from other states, and the hotel had to turn away customers following the robbery. Viewing the evidence in the light most favorable to the government, we find that a reasonable factfinder could find beyond a reasonable doubt that the robbery had an impact on interstate commerce.

In his final *Anders* claim, counsel argues that the district court erred in enhancing Hemingway's base offense level by two points because the crime involved bodily injury. This court reviews the district court's factual finding that the clerk sustained a significant bodily injury for clear error. *United States v. Lancaster*, 6 F.3d 208, 210 (4th Cir. 1993).

A two-level increase in a defendant's offense level is warranted if a victim sustained bodily injury. *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(3)(A) (2002). "'Bodily injury' means any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for

which medical attention ordinarily would be sought." USSG § 1B1.1, comment. (n.1(b)). "[T]o be 'significant' an injury need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *Lancaster*, 6 F.3d at 209. Here, the hotel clerk had a lingering red mark on his face from the barrel of Hemingway's shotgun. Further, the clerk reported having chest pains and was taken to the hospital shortly after the incident for treatment. Based on these facts, we find that the district court did not clearly err in applying a two-level enhancement under USSG § 2B3.1(b)(3)(A).

In his pro se supplemental brief, Hemingway claims that the district court erred by adding aiding and abetting, 18 U.S.C. § 2, to Count 1 of the indictment. Because Hemingway did not object at sentencing, this court's review is for plain error. *United States v. Martinez*, 277 F.3d 517, 525 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002). This court held in *United States v. Duke*, 409 F.2d 669, 671 (4th Cir. 1969), that aiding and abetting is implied by an indictment for any crime and need not be separately specified. Further, when evidence presented at trial supports an aiding and abetting theory, the court may instruct on that theory even though it was not argued by the government. *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990). In any event, the evidence presented at trial established that Hemingway was a principal in Count 1. Therefore, the district court did not plainly err adding the charge.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we deny Hemingway's motion to substitute counsel and affirm his conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*