**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4707**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN OBANDO-ROMERO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (3:05-cr-00381-REP)

_____

Submitted: July 18, 2007          Decided: August 24, 2007

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Acting Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Bonnie B. Silcox, Third Year Intern, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Obando-Romero pled guilty to simple assault on a federal officer, 18 U.S.C.A. § 111(a) (West Supp. 2007) (Count Two), and possession of contraband in prison, 18 U.S.C. § 1791(a)(2) (2000) (Count Three), and was sentenced to forty-one months imprisonment. Obando-Romero appeals his sentence, contending that his sentence was unreasonable because the district court applied a two-level enhancement for bodily injury. <u>U.S. Sentencing Guidelines Manual</u> § 2A2.4(b)(2) (2005). We affirm.

During a search which revealed that he was in possession of marijuana, federal inmate Obando-Romero elbowed Correctional Officer Doyle Cox in the face, breaking his glasses. Cox suffered abrasions on his nose and cheeks, and subsequently developed a black eye. At the sentencing hearing, over Obando-Romero's objection, the district court determined that Cox's injury was sufficient to warrant the enhancement.

Application Note 1 to § 2A2.4 provides that the term "bodily injury," as used in § 2A2.4, is defined in the commentary to USSG § 1B1.1. Application Note 1(B) to § 1B1.1 defines "bodily injury" as "any significant injury; <u>e.g.</u>, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." We review the district court's determination that a significant injury was sustained under the clearly erroneous

standard.  <u>United States v. Lancaster</u>, 6 F.3d 208, 210 (4th Cir. 1993); <u>United States v. Isaacs</u>, 947 F.2d 112, 114 (4th Cir. 1991).

Here, the court viewed a photograph of Cox which showed his black eye.  The injury was obvious and the court could safely infer that it was painful.  We conclude that the district court did not clearly err in determining that the enhancement applied.

Accordingly, we affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>