[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12180
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cr-00036-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY JAMES HIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 16, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Corey Hight appeals his 37-month sentence, imposed after a jury convicted him of forcibly assaulting a federal officer causing bodily injury. Defendant challenges the district court's application of a two-level sentencing enhancement under U.S.S.G. § 2A2.4(b)(2), based on its finding that the federal officer sustained bodily injury. After careful review, we affirm.

## I.    BACKGROUND

Drug Enforcement Administration ("DEA") Special Agent Brian Lammers encountered Defendant while executing an arrest warrant for another individual, Brian Muenzel, related to an investigation involving the trafficking of Oxycodone pills. A DEA agent acting in an undercover capacity set up a meeting with Muenzel in order to facilitate execution of the warrant. When Muenzel arrived at the agreed-upon location, Agent Lammers and another officer approached him. Upon spotting Agent Lammers, Muenzel fled toward a nearby trailer park. Agent Lammers chased Muenzel and eventually tackled him to the ground. While Agent Lammers was on top of Muenzel, Defendant punched Agent Lammers in the mouth with a closed fist. Officers later arrested Defendant inside a nearby trailer.

A federal grand jury issued an indictment charging Defendant with forcibly assaulting a DEA Special Agent by striking the Agent and causing bodily injury to the Agent while the Agent was engaged in the performance of his official duties, in

violation of 18 U.S.C. § 111(a)(1) and (b).  Defendant pled not guilty and proceeded to trial.

At trial, Agent Lammers testified that while he was trying to handcuff Muenzel, Defendant struck him in the mouth with a closed fist which "jolted" him backwards.  He suffered a small laceration on his lip and swelling in the area where he was struck.  He bled from the injury and stated that it hurt.  The Government admitted into evidence a photograph showing the laceration and swelling on Agent Lammers's lip.  Sheriff's Deputy Steve Key testified that he noticed Agent Lammers was bleeding after Defendant was arrested.  Defendant testified that he did not know Agent Lammers was a law enforcement officer.  Further, he did not strike Agent Lammers with a closed fist, but instead "double tapped" him by hitting him with the side of his fist.  The jury returned a guilty verdict against Defendant.

The Presentence Investigation Report ("PSR") assigned Defendant a base offense level of 10, pursuant to U.S.S.G. § 2A2.4.  Defendant received a three-level enhancement under § 2A2.4(b)(1)(A) because the offense involved physical contact, and a two-level enhancement under § 2A2.4(b)(2) because the victim sustained bodily injury.  With a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1, Defendant's total offense level was 17.  Based on a total offense level of 17 and a criminal history category of IV, Defendant's guideline

range was 37 to 46 months' imprisonment. Defendant objected in relevant part to the two-level enhancement under § 2A2.4(b)(2), on the ground that Agent Lammers did not suffer bodily injury.

At sentencing, Defendant reiterated his objection to the two-level enhancement under § 2A2.4(b)(2). The Government responded that Agent Lammers's testimony that the injury he sustained was painful and drew blood met the definition of bodily injury, which requires an injury that is painful and obvious or one for which medical attention would generally be needed. After reviewing the photograph of Agent Lammers's injury and noting that the jury found that the assault caused bodily injury, the district court overruled the objection. The district court sentenced Defendant to 37 months' imprisonment and this appeal followed.

## II.    DISCUSSION

Defendant argues that the district court erred by imposing a two-level enhancement under § 2A2.4(b)(2) because Agent Lammers did not sustain bodily injury from the contact Defendant made with him.

We review a district court's factual findings pertaining to the imposition of a sentencing enhancement for clear error, and the application of the Sentencing Guidelines to those facts *de novo*. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). When reviewing for clear error, "we will not disturb a district court's findings 'unless we are left with a definite and firm conviction that a

4

mistake has been committed.'" *United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009) (quoting *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005)).

Pursuant to § 2A2.4(b)(2) of the Sentencing Guidelines governing obstructing or impeding an officer, a defendant is subject to a two-level enhancement if the victim sustained bodily injury. U.S.S.G. § 2A2.4(b)(2). Bodily injury is defined as "any significant injury; <u>e.g.,</u> an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." *See id.* § 2A2.4, comment. (n.1); *id.* § 1B1.1, comment. (n.1(B)) (emphasis in original).

Here, the district court did not clearly err by concluding that Agent Lammers sustained bodily injury. Agent Lammers testified that he was "jolted" backwards and experienced pain after being punched in the mouth by Defendant. He sustained a small cut on his lip and some swelling and bleeding in the area where he was struck. The Government also admitted into evidence a photograph showing the cut on Agent Lammers's lip. Moreover, Deputy Steve Key testified that he observed Agent Lammers bleeding. Based on this record, we cannot say that it was clearly erroneous for the district court to conclude that Agent Lammers's injury was "painful and obvious" under the Guidelines' definition of bodily injury.

5

*See* U.S.S.G. § 1B1.1, comment. (n.1(B)) (defining bodily injury as an injury that is "painful and obvious").

We are not persuaded by Defendant's argument that we should follow the Fourth Circuit's decision in *United States v. Lancaster*, 6 F.3d 208 (4th Cir. 1993), in which the Fourth Circuit affirmed the district court's determination that a victim did not sustain bodily injury after being sprayed with mace because the injury was momentary and did not cause any lasting harm. *See Lancaster*, 6 F.3d at 209–10. Notably, we are not bound by the *Lancaster* decision. *See United States v. McGarity*, 669 F.3d 1218, 1266 n.66 (11th Cir. 2012) ("It is axiomatic that this Circuit is bound only by its own precedents and those of the Supreme Court."). More importantly, however, our precedent does not suggest that it was clear error for the district court to find that Agent Lammers suffered bodily injury as defined by the Guidelines. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592–93 (11th Cir. 2014) (holding that the district court did not plainly err by enhancing a defendant's offense level based on bodily injury where the victim was transported to the hospital with minor undescribed injuries); *see also United States v. Sawyer*, 115 F.3d 857, 859–60 (11th Cir. 1997) (concluding that psychological injury alone is insufficient to warrant the enhancement for bodily injury).

In short, we are not left with a definite and firm conviction that the district court clearly erred by concluding that Agent Lammers suffered bodily injury. *See*

*Clarke*, 562 F.3d at 1165.  Accordingly, the district court did not err by imposing the two-level enhancement under § 2A2.4(b)(2).[1]

**AFFIRMED.**

---

[1]  Defendant's passing reference to the reasonableness of his sentence was insufficient to preserve the argument on appeal.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that an argument that is not "plainly and prominently raised" is deemed abandoned).