UNITED STATES of America,
Appellee,

v.

Carlo Elisca CEROME, Defendant–
Appellant.

No. 06–1908–cr.

United States Court of Appeals,
Second Circuit.

May 7, 2008.

Edward Hamlin, Newburgh, NY, for Defendant–Appellant.

Scott Klugman, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, Hon. SIDNEY H. STEIN,[*] District Judge.

## SUMMARY ORDER

Defendant–Appellant Carlo Elisca Cerome appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *then-Chief Judge*) entered on April 19, 2006, sentencing him upon conviction after trial by jury principally to 84 months' imprisonment for two counts of conspiring to rob an owner or employee of a money transfer business and one count of robbery, all in violation of the Hobbs Act, 18 U.S.C. § 1951.

Cerome, through counsel, challenges two aspects of his sentence: (1) the two-level enhancement for "bodily injury" pursuant to U.S.S.G. § 2B3.1(b)(3)(A); and (2) the five-level enhancement for a co-conspirator's brandishing of a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(C). On his own behalf, Cerome argues that his convictions should be vacated because (3) the Speedy Trial Act was violated; (4) there was insufficient evidence of an effect on interstate commerce; (5) there were improprieties with the use of transcripts of the wiretap recordings; and (6) the jury instructions charged the wrong theory of liability. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm the judgment of the District Court.

## I.  Enhancement for "Bodily Injury"

 Cerome argues that there was insufficient evidence to support the jury's answer to the special interrogatory finding that Denis Antoine, the victim of the robbery, sustained "bodily injury." In light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our post-*Booker* decisions confirming the authority of district courts to find facts relevant to sentencing by a preponderance of the evidence, *see, e.g., United States v. Florez*, 447 F.3d 145, 156 (2d Cir.), *cert. denied*, —— U.S. ——, 127 S.Ct. 600, 166 L.Ed.2d 445 (2006), we shall construe this as a challenge to the District Court's determination.

[*] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

We review a district court's interpretation of the Sentencing Guidelines *de novo*, and apply the clear error standard when evaluating a district court's findings of fact. *See United States v. Richardson*, 521 F.3d 149, 156–57 (2d Cir.2008). The District Court's application of the "bodily injury" enhancement to the facts of the offense "presents a predominantly factual issue, which we review for clear error." *United States v. Guang*, 511 F.3d 110, 124 (2d Cir.2007). The Guidelines define "bodily injury" as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, cmt. n. 1(B); *see* U.S.S.G. § 2B3.1, cmt. n. 1 (referring to definition in § 1B1.1).

In this case, the record reflects that in the course of the robbery Antoine was punched in the mouth; he then called 911 and police arrived along with an ambulance, which took him to the hospital. The hospital records, submitted at Cerome's sentencing, reflect that approximately one hour after being punched, Antoine complained of pain in his mouth. The records further reflect that Antoine's wounds, described as "abrasion[s]" on his lips and a "hematoma" on his upper lip, were cleaned and treated with bacitracin and Antoine was given tylenol/motrin for his pain. On this record, the District Court's preponderance determination that Antoine's injury was "painful and obvious" or "of a type for which medical attention ordinarily would be sought" is not clearly erroneous. *Cf. United States v. Mejia–Canales*, 467 F.3d 1280, 1283–84 (10th Cir.2006) (holding that "bodily injury" enhancement for a red mark on the head and small oral cut lacked support in the record where there was no evidence of swelling, bleeding, or bruising or the painfulness or duration of the injuries).

## II. Enhancement for Brandishing a Firearm

In the course of robbing Antoine, one of Cerome's co-conspirators pointed a gun at Antoine's head. Cerome argues that the District Court erred in imposing a five-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(C), for a co-conspirator's brandishing of a firearm because, he contends, this conduct was not reasonably foreseeable to him, *see* U.S.S.G. § 1B1.3(a)(1)(B). Cerome argues that at most only violence, but not the brandishing of a firearm, was reasonably foreseeable to him. The District Court found that this conduct was reasonably foreseeable to Cerome in light of his involvement in the planning of the robbery.

Even though Cerome was not found to have been "the mastermind," *see United States v. Brumby*, 23 F.3d 47, 50 (2d Cir.), *cert. denied*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 171 (1994), the District Court did not clearly err in finding that the brandishing of a firearm was reasonably foreseeable to him in light of his involvement in the planning and execution of the robbery of an employee of a money transfer business in broad daylight on a city street as he approached a bank to deposit funds. *See United States v. Medina*, 74 F.3d 413, 417–18 (2d Cir.1996) (per curiam) (use of a firearm was reasonably foreseeable in conspiracy to rob office during working hours). The record here supports the inferences that the conspirators recognized the need for firearms and that this aspect of the plan was reasonably foreseeable to Cerome. Cerome told those surveilling the victim not to let him escape. And soon after the robbery, Cerome concurred with his co-defendant's assessment that if the victim had "showed too much resistance, they would have killed him, man." "[H]e doesn't know the rules," Cerome said. "He needs to go to school and

learn the rules." This evidence, viewed in the light most favorable to the government, indicates that Cerome not only contemplated the use of violence in the course of the robbery; he contemplated the use of deadly violence, a possibility that made the brandishment of a firearm plainly foreseeable. At best, Cerome's argument suggests an alternative view of the evidence, but this does not suffice to establish that the District Court clearly erred.

### III. Speedy Trial Act

■ Cerome argues that the District Court erred in failing to dismiss the charge in Count Two of the Superseding Indictment for violation of the Speedy Trial Act's thirty-day filing requirement. *See* 18 U.S.C. §§ 3161(b); 3162(a)(1).

As we have explained, however, "courts will not dismiss an untimely indictment pursuant to § 3162(a)(1) if it pleads different charges from those in the complaint, and this applies even if the indictment charges arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint." *United States v. Gaskin*, 364 F.3d 438, 451 (2d Cir.2004) (internal quotation marks omitted), *cert. denied*, 544 U.S. 990, 125 S.Ct. 1878, 161 L.Ed.2d 751 (2005). Here, the complaint charged Cerome with the October conspiracy, as he was subsequently charged in Count One of the original, timely-filed Indictment. Count Two of the Superseding Indictment charged Cerome with the substantive Hobbs Act robbery offense, a distinct charge requiring the government to prove distinct elements. Insofar as Cerome argues that the substantive robbery charge merely gilds the October conspiracy charge, Cerome is not entitled to relief because of the charges' differing elements and the absence of any circumstances that might warrant such relief. *See Gaskin*, 364 F.3d at 456; *cf.* *United States v. Peppin*, 365 F.Supp.2d 261, 268–70 (N.D.N.Y.2005) (dismissing charges based on gilding due to government's dilatory approach and inference of bad faith).

■ Cerome also argues that the Speedy Trial Act's requirement that trial commence within seventy days of the filing of the indictment, *see* 18 U.S.C. § 3161(c)(1), was violated. Because Cerome did not move for dismissal of the indictment prior to trial, this claim is waived. *See id.* § 3162(a)(2); *United States v. Abad*, 514 F.3d 271, 273–74 (2d Cir.2008) (holding that "unpreserved Speedy Trial Act claims are deemed waived").

Cerome's argument that the Superseding Indictment was not returned by a grand jury is flatly contradicted by the record. Accordingly this claim and the concomitant claim that the District Court should have held an evidentiary hearing are without merit.

### IV. Sufficient Evidence of Interstate Commerce

■ Cerome argues that the government failed to prove that his crimes affected interstate commerce, as required under the Hobbs Act. *See United States v. Parkes*, 497 F.3d 220, 227, 229 (2d Cir. 2007). Cerome "bears a heavy burden" on such a challenge, as "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* at 225 (internal quotation marks omitted). In addition, "[w]e will sustain the jury's verdict so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

"[T]he required showing of an effect on interstate commerce is *de minimis* .... Even a potential or subtle effect on commerce will suffice." *Id.* at 230 (citations and internal quotation marks omitted). The evidence at trial supported the jury's conclusion that the offenses would have affected interstate commerce. The evidence reflected that the assets of a money transfer business, based in Florida and facilitating international transfers, were the targets of all three offenses. A rational juror could, therefore, have found the required minimal effect on interstate commerce. *See United States v. Wilkerson,* 361 F.3d 717, 727–29 (2d Cir.), *cert. denied,* 543 U.S. 908, 125 S.Ct. 225, 160 L.Ed.2d 185 (2004). To the extent that Cerome argues that Antoine's testimony was inconsistent and unreliable, "it is well-settled that when reviewing the sufficiency of the evidence we defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." *United States v. Glenn,* 312 F.3d 58, 64 (2d Cir. 2002) (internal quotation marks omitted).

## V. Transcripts of Wiretap Recordings

Cerome argues that the government presented "a forged conversation [to a 411 operator] in which they made [Cerome] a participant." The record reflects, however, that before the government played the 411 call made by Cerome's co-defendant, Charles Hilaire, the witness was asked to identify "the telephone number called by *Hilaire's* phone." This 411 call did not require translation, as it was in English, and so the tape was apparently played without having the witness read the accompanying transcript. The reference to Cerome, to which he now objects, relates to the subsequent exhibit, which required translation as it was a mix of Haitian Creole and English. This does not constitute perjured testimony. Cerome's general challenge to the telephone recordings and the translations is also without merit. The District Court gave a limiting instruction advising the jurors that the transcripts were only admitted as an aid and, moreover, that the identity of the speakers remained an issue for them to decide. *See United States v. Ben–Shimon,* 249 F.3d 98, 101–02 (2d Cir.2001) (per curiam).

## VI. Jury Instructions

Nor do we see any error in the District Court's charging of the jury on aiding and abetting, which was charged in Count Two of the Superseding Indictment, but not *Pinkerton* liability.

We have considered all of Cerome's arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.