SUMMARY ORDER
Defendant Charles Hilaire appeals the April 28, 2008 judgment resulting from his conviction of two counts of conspiring to commit a Hobbs Act robbery, 18 U.S.C. § 1951(a); one count of Hobbs Act robbery, 18 U.S.C. § 1951(a); and one count of using a firearm in furtherance of a robbery, 18 U.S.C. § 924(c). On May 7, 2008, we affirmed the conviction of Hilaire’s co-defendant, Carlo Elisca Cerome. United States v. Cerome, 277 Fed.Appx. 85 (2d Cir.2008). We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
Hilaire’s lone contention is that certain comments in the prosecutor’s rebuttal summation constituted prosecutorial misconduct. We will reverse a jury’s verdict on this basis only if the challenged acts were “so severe and significant as to result in the denial of [the defendant’s] right to a fair trial.” United States v. Rahman, 189 F.3d 88, 140 (2d Cir.1999). When examining whether a prosecutor’s comments caused sufficient prejudice to warrant reversal, we look to the severity of the putative impropriety, the use of *547 curative measures, and the “certainty of conviction absent the misconduct.” United States v. Rivera, 22 F.3d 430, 437 (2d Cir.1994).
Hilaire challenges two features of the prosecutor’s rebuttal summation. First, he argues that the prosecutor used improper adjectives and other phrases to describe some of the arguments that his counsel presented to the jury during his closing. Second, he asserts that the prosecutor improperly sought to shift the burden of proof by arguing to the jury that defense counsel “could have subpoenaed” certain medical records “if [they] thought they were so important.” Neither of these contentions serves as a basis for reversal, and we therefore affirm the judgment below.
We reject at the outset Hilaire’s burden-shifting argument. The prosecutor’s argument was made in response to arguments by both defendants’ counsel relating to the government’s failure to offer certain medical records during its case-in-chief, and the prosecutor did not suggest that either defendant had an obligation to testify or produce evidence. See United States v. Rosa, 11 F.3d 315, 342-43 (2d Cir.1993). Moreover, immediately after the district court denied counsel’s objection to the argument, the prosecutor emphasized to the jury that the government had “the burden of proof and the burden of proof is beyond a reasonable doubt.” Therefore, the prosecutor’s remarks relating to defendants’ ability to obtain medical records did not constitute prosecutorial misconduct.
With respect to the remainder of the prosecutor’s challenged comments, we intimate no view as to their propriety. This is because, assuming, arguendo, that the prosecutor’s word choice in characterizing certain arguments made by defense counsel was inappropriate, the government presented overwhelming evidence of Hilaire’s guilt to the jury. Under these circumstances, it cannot be said that the prosecutor’s remarks “so infected the trial with unfairness as to make the resulting conviction a denial of due process.” Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks omitted).
We have reviewed Hilaire’s remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.