**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4759

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIN ALEXANDER BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:05-cr-00027-jpj)

Submitted:  July 23, 2008          Decided:  September 25, 2008

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Joel C. Hoppe, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Darin Alexander Brown was convicted of assaulting a correctional officer and causing bodily injury, in violation of 18 U.S.C.A. §§ 111(a)(1) (West 2000 & Supp. 2008) and 111(b) (West 2000 & Supp. 2008) (Count One) and engaging in conduct that was more than simple assault, in violation of 18 U.S.C. § 111(a)(1) (Count Two). During Brown's sentencing hearing, the district court denied Brown's Fed. R. Crim. P. 29 motion, sustained a portion of Brown's objections to the calculation of his guidelines range, and sentenced Brown to two concurrent sixty-month sentences. Brown timely noted his appeal.

On appeal, Brown first contends that the district court erred in denying his Rule 29 motion for judgment of acquittal because the evidence was insufficient to support the finding that the correctional officers sustained "bodily injury". This court reviews a district court's decision to deny a Rule 29 motion de novo. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Midgett, 488 F.3d at 297. "[S]ubstantial evidence is evidence that a reasonable fact finder could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

reasonable doubt." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc).

Prior to submitting the case to the jury, the district court instructed the jury that the term bodily injury "means any cut, abrasion, bruise, burn or disfigurement, physical pain, illness, impairment of a bodily . . . member, organ, or mental faculty, or any other injury to the body no matter how temporary." Assuming that the district court properly instructed the jury,[*] the evidence, viewed in the light most favorable to the Government, established the correctional officers suffered "bodily injury" sufficient to sustain Brown's conviction on Count One. At trial, Correctional Officer Bolling testified that when Brown punched him in the face he was dazed and stunned to the point that he did not know what happened. Additionally, he had pain, redness, and a headache that lasted for a few days for which he took Tylenol. Also, Correctional Officer Meade testified that he had pain when

_____

[*]Although Brown challenged the accuracy of the jury instructions in the district court, he has not raised this issue on appeal. Rather, on appeal, we read his brief on this point as contending only that the evidence adduced at trial was insufficient to permit the jury to find that the definition of "bodily injury" contained in the jury instructions had been satisfied.

hit by Brown and had noticeable redness on his jaw. In interpreting 18 U.S.C. § 242 (2000), this court has stated that "physical pain alone or any injury to the body, no matter how fleeting, suffices" to establish bodily injury. United States v. Perkins, 470 F.3d 150, 161 (4th Cir. 2006). Accordingly, the district court did not err in denying Brown's Rule 29 motion as the evidence was sufficient to sustain his conviction on Count One.

Brown next argues that the district court erred in enhancing his sentence two levels for bodily injury pursuant to U.S.S.G. § 2A2.4. A determination by a district court concerning whether a victim sustained bodily injury is a factual finding reviewable under a clearly erroneous standard. United States v. Isaacs, 947 F.2d 112, 114 (4th Cir. 1991). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005)(quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

The U.S. Sentencing Guidelines Manual defines "bodily injury" as "any significant injury; e.g., any injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B). In United States v. Lancaster, 6 F.3d 208 (4th Cir. 1993), this court stated that:

> whether an injury is "significant" thus should not be determined by a precise standard meted out at the appellate level and mechanically applied by the district court. Rather, it should be determined by a very factually-specific inquiry which takes into account a multitude of factors, some articulable and some more intangible, that are observable in hearing the evidence presented on the injury. Because the district court hears this evidence, it is by far best-situated to assess these myriad factors and determine whether a "significant injury" has occurred.

Lancaster, 6 F.3d at 210.

After reviewing the record, we cannot conclude that the district court committed clear error in enhancing Brown's sentence. According to the evidence presented at trial, Meade experienced pain when hit by Brown and had redness where he was struck. Similarly, Bolling was dazed when hit by Brown and experienced pain, redness and a headache that lasted for several days. These injuries were sufficient to meet the definition of "bodily injury" found in U.S.S.G. § 1B1.1 cmt. n.1(B). See United States v. Isaacs, 947 F.2d 112, 114-15 (4th Cir. 1991). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED